JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RYAN TRAVIS

**DEFENDANTS**

SCHULSON COLLECTIVE & LOCUST STREET RESTAURANT GROUP, LLC

**(b)** County of Residence of First Listed Plaintiff   Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| | | | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §2000e, et seq. ("Title VII"); Phila. Code §9-1101, et seq. ("PFPO"); Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against his former employers for unlawful sex and sexual orientation discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
January 19, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Haddonfield, NJ 08033 _____

Address of Defendant: _____ 1525 Samson Street, Floor 2, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/19/24 _____ _____ 314179

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/19/24 _____ _____ 314179

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

RYAN TRAVIS                                          :                    CIVIL ACTION

**PLAINTIFF,**                                       :
                        v.                           :

**SCHULSON COLLECTIVE &**                            :

**LOCUST STREET RESTAURANT GROUP, LLC** :                  NO.
                    DEFENDANTS.         :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X)

January 19, 2024

                                                                    **Plaintiff, Ryan Travis**
_____         _____         _____
**Date**                       **Attorney-at-law**             **Attorney for**

(215) 545-7676                 (215) 565-2859                  schiff@consolelaw.com
_____         _____         _____
**Telephone**                  **FAX Number**                 **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN TRAVIS**<br>**Haddonfield, NJ 08033** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **SCHULSON COLLECTIVE** | : | |
| **1525 Samson Street, Floor 2** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **&** | : | |
| | : | |
| **Locust Street Restaurant Group, LLC** | : | |
| **1525 Samson Street, Floor 2** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>COMPLAINT</u>

## I.   <u>INTRODUCTION</u>

Plaintiff, Ryan Travis, brings this claim against his former employers, Schulson Collective and Locust Street Restaurant Group, LLC, for unlawful sex and sexual orientation discrimination and retaliation, in violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff, Ryan Travis, is an individual and a citizen of the State of New Jersey.

2.      Plaintiff is a homosexual/gay man.

3.      Defendant Schulson Collective is a company maintaining a place of business at 1525 Samson Street, Floor 2, Philadelphia, Pennsylvania 19102

4.      Defendant Locust Street Restaurant Group, LLC is a limited liability company maintaining a place of business at 1525 Samson Street, Floor 2, Philadelphia, Pennsylvania 19102.

5.      At all times material hereto, Defendants collectively constituted Plaintiff's employer under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

6.      At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      At all times material hereto, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

9.      The causes of action which form the basis of this matter arise under Title VII, the PFPO, and the PHRA.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count II (PFPO) and Count III (PHRA) pursuant to 28 U.S.C. §1367.

12. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

13. On or about March 6, 2023, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR"), complaining of the acts of discrimination and retaliation alleged herein. This Complaint was cross-filed with Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "A" is a true and correct copy of the Complaint (with personal identifying information redacted).

14. On or about September 20, 2023, the PCHR closed its file on Plaintiff's complaint.

15. On or about October 26, 2023, the EEOC issued to Plaintiff a Determination and Notice of Rights for his Complaint. Attached hereto, incorporated herein and marked as Exhibit "B" is a true and correct copy of the notice with personal identifying information redacted.

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17. Plaintiff commenced his employment with Defendants on or about

September 1, 2021.

18.     Plaintiff held the position of server. Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

19.     Plaintiff reported to Anthony Santini, General Manager.

20.     Throughout Plaintiff's employment, Kyle Nufable, Kitchen Manager, and Plaintiff's superior, regularly treated him in a hostile and dismissive manner. He additionally openly remarked that he "hated" Plaintiff.

21.     In December 2022, Nufable called Plaintiff a "faggot."

22.     On or about January 5, 2023, in a meeting with Josh Schauer, Chef, Matt Jackson, Chef, and Andre Scott, Chef, they told Plaintiff that Nufable called Plaintiff a "faggot" multiple times and stated, "I hate that fucking faggot," in reference to Plaintiff.

23.     They informed Plaintiff they had reported the comments to Defendants, but no corrective action had been taken.  They told Plaintiff they would sign a document stating what they heard Nufable call Plaintiff and say about Plaintiff.

24.     On January 15, 2023, Plaintiff texted Santini "I've been sitting on this thought for a while and man to man I don't know how to professionally address it. About a month ago, Kyle called me a Faggot to my face. I wasn't sure if I heard him correctly so I asked him to repeat. He ignored me and walked away. Last week Josh, Matt, and Andrea [sic] met up with me because they wanted me to know that he's been calling me a faggot for quite some time, and the other day he turned to them and said 'I hate that fucking faggot.' They also said they reported it to you, and they told me they want to write and sign reports against him.…The thing is, calling me a faggot is one thing, but saying 'I hate that fucking faggot' is another. I've been uncomfortable there for weeks and that's why I

4

considered another restaurant. I have an email prepared for the directors but I wanted to go directly to you first, you're the GM. Just to be clear, I couldn't care less if someone dislikes me or hates me, but to use words like hate and faggot are just too much. The entire staff knows about this situation and we're all uncomfortable. I'm working tomorrow if you want to talk about it. I'm not sending an email until you have an opportunity to handle this."

25.    On January 15, 2023, Santini texted Plaintiff, "I'm so sorry this happened and by no means is it ok. It was brought to my attention that he has used the word before but nothing was said to me in detail or we would have been having this conversation a lot sooner. I most certainly want to talk to you about this tomorrow and then I want to handle it whatever way you want. If you feel uncomfortable at work that's not ok. If you want to continue to work here than you have my full support and I will talk to Michael and find out what happens next."

26.    Plaintiff responded to Santini that he did not want to leave his employment with Defendants and was sure the situation could be resolved.

27.    On January 16, 2023, Santini told Plaintiff he had to make Human Resources aware of the comments that were made to Plaintiff.  Santini additionally told Plaintiff during this meeting that he had no problem with Plaintiff and liked "drag queens."

28.    On or about January 19, 2023, in a phone call with Paige Kirlin, Director of People and Culture, Plaintiff complained of sexual orientation discrimination in connection with the above comments.  She told Plaintiff that she would be in touch with him.

29.    On January 23, 2023, Kirlin texted Plaintiff inquiring as to whether anyone else heard Nufable use the derogatory slur towards Plaintiff.

30.    Plaintiff responded that he was unsure if anyone heard the slur but that it

was probable since employees in the kitchen work within close proximity to each other.

31.    On January 26, 2023, Santini posted the shift schedule for the next month. Plaintiff's hours were substantially reduced and almost cut in half, from full time to part time, which would result in his compensation being reduced.

32.    Plaintiff subsequently inquired of Santini and others as to why his hours were reduced.

33.    Santini alleged he had misinterpreted Plaintiff's availability.

34.    However, Plaintiff had not provided any information to Santini changing his availability for shifts.

35.    On January 27, 2023, Plaintiff texted Kirlin asking for an update regarding his complaints.

36.    On January 27, 2023, in a response text message from Kirlin, she stated she would have an update for Plaintiff next week.

37.    On January 27, 2023, Plaintiff texted Kirlin that Santini had provided no update to him despite Plaintiff's request for the same and, additionally, "after over a year of consistent scheduling [his] shifts were reduced at work," which was "very concerning for" Plaintiff.

38.    On January 27, 2023, Kirlin responded: "Yes im [sic] still working on things. Which means I don't have an answer for you and neither does your GM. As I discussed, I would contact you when I had an update[.] Hence there was a reason for the silence[.]"

39.    Defendants failed to take appropriate corrective action to remedy or prevent the discrimination to which Plaintiff was subjected.

40.     On January 27, 2023, Plaintiff emailed Michael Wirzberger, Director, Michael Jreidini, Director, and Michael Schulson, Owner, and resigned his employment effective immediately.  Plaintiff stated, in part, the following:

Today I decided to terminate my employment with Schulson Collective at Via Locusta.

I've made this decision based on compiling negativity that I'm consistently exposed to.

Roughly two weeks ago I reported to management and HR that a salaried employee and my superior had called me a Faggot to my face, as well as using words like "I hate that fucking faggot" while referencing me to other employees. These words obviously made me embarrassed and uncomfortable, but I made it clear to my managers and HR that I wanted to approach the situation in such a way that teaches this individual sensitivity an understanding towards others as well as what hate speech is etc and not something more drastic like terminating his employment without any counseling first.

An HR employee named Paige has been working on this case, and she reached out to me on Monday 1/23/2023 via text message asking for clarification on a subject. The conversation was polite. Today 1/27/2023 I reach out to Paige just to touch base on the progress of things - I can't stress enough just how uncomfortable I am at work, and I was reaching out to HR for information as well as confidence in the process, after-all I was called a faggot by my superior and it makes me uneasy to be in the same environment with him without some kind of conversation to address the issue, so my goal in contacting HR today was just to gain a perspective of the process and find some comfort in it, however Paige responded with aggression and condescension, and the negativity that came from her makes it clear to me that negativity is more commonplace within the company culture than I expected.

I'm 38 years old. I first started working when I was 12, and my first restaurant job was at 14 when I was a busboy. In my late twenties I joined management and I worked hard to progress through management ranks pre-pandemic. Post pandemic I decided to rejoin the hourly ranks, and I stared working with Schulson in September 2021, and I chose this company because I was first a patron and held the company to a high regard. I felt so strongly about the company that I referred one of my best and closest friends to work as a manger [sic] for you, and so he does. I even once applied for a management role because I believed in the food and the brand, and I wanted to be apart of its operation and success. However my recent experiences have influenced me to get out of and stay away from this company.

41.     Plaintiff received no response to his email.

7

42.     Defendants made no effort to retain Plaintiff as an employee.

43.     Plaintiff's sex and sexual orientation was a motivating and determinative factor in the treatment alleged herein, including without limitation, reducing his hours.

44.     Plaintiff's engaging in protected activity was a motivating and determinative factor in the treatment alleged herein, including, without limitation, reducing his hours.

45.     Defendants' conduct following Plaintiff's engaging in protected activity would dissuade a reasonable employee from making complaints.

46.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

47.     Defendants did not take any action to remedy or prevent the sex and sexual orientation discrimination and retaliation to which Plaintiff was subjected.

48.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with his ability to perform his job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

49.     Plaintiff's sex and sexual orientation and/or protected activity were a motivating and determinative factor in the hostile work environment to which Plaintiff was subjected.

50.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

51.     As a direct and proximate result of the discriminatory and retaliatory

conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

52. Plaintiff is now suffering and may continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

53. Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I - Title VII

54. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated Title VII.

56. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

57. Plaintiff is now suffering and may continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful acts unless and until this Court grants the relief requested herein.

58. No previous application has been made for the relief requested herein.

## COUNT II – PFPO

59. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

9

60. Defendants, by the above discriminatory and retaliatory acts, have violated the PFPO.

61. Said violations were intentional and willful.

62. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

63. Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendants' unlawful acts unless and until the Court grants the relief requested herein.

64. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

65. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

66. Defendants, by the above discriminatory and retaliatory acts, have violated the PHRA.

67. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendants' unlawful acts unless and until the Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

10

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)    awarding Plaintiff back pay;

(i)    awarding Plaintiff front pay;

(j)    awarding Plaintiff punitive damages;

(k)    awarding Plaintiff interest;

11

(l)    awarding Plaintiff such other damages as are appropriate under Title VII, the PFPO, and the PHRA;

(m)    awarding Plaintiff attorneys' fees and costs; and,

(n)    granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief, providing restitution for past violations, and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: January 19, 2024        BY:    _____
                                       Lane J. Schiff, Esquire
                                       Madison Z Provorny, Esquire
                                       1525 Locust St., 9th Floor
                                       Philadelphia, PA 19102
                                       (215) 545-7676

                                       Attorneys for Plaintiff,
                                       Ryan Travis

12

# EXHIBIT A

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## COMPLAINT

COMPLAINANT:                                     :
                                                 :
**RYAN TRAVIS**                                  :        Docket No.
                                                 :
v.                                               :
                                                 :
RESPONDENTS:                                     :
                                                 :
**SCHULSON COLLECTIVE**                          :
                                                 :
AND                                              :
                                                 :
**LOCUST STREET RESTAURANT**                     :
**GROUP, LLC**                                   :
                                                 :

1.  The Complainant herein is:

    Name:        Ryan Travis

    Address:     REDACTED
                 Haddonfield, NJ 08033

2.  The Respondents herein are:

    Names:       Schulson Collective; Locust Street Restaurant Group, LLC

    Address:     1525 Samson Street, Floor 2
                 Philadelphia, PA 19102

3.  I, Ryan Travis, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (male) and my sexual orientation (homosexual/gay), and unlawful retaliation because of my complaints of sexual orientation discrimination, as set forth below.

## Discrimination and Retaliation

### A. I specifically allege:

[1]        I began working at Respondents on or about September 1, 2021.

[2]        I consistently performed my job duties in a highly competent manner and received positive feedback.

[3]        I held the position of Server.

[4]        I last reported to Anthony Santini (male, heterosexual[1]), General Manager. Santini reported to Michael Wirzberger (male, heterosexual), Director, and Michael Jreidini (male, heterosexual), Director.  Wirzberger and Jreidini reported to Michael Schulson (male, heterosexual), Owner.

[5]        Respondents and employees at Respondents were aware that I am gay/homosexual.

[6]        In December 2022, Kyle Nufable (male, heterosexual), Kitchen Manager, and my superior, called me a "faggot."

[7]        I found Nufable's comment offensive and based on my sex and sexual orientation.

[8]        On or about January 5, 2023, in a meeting with Josh Schauer (male, heterosexual), Chef, Matt Jackson (male, heterosexual), Chef, and Andre Scott (male, homosexual), Chef, they told me that, outside of my presence, Nufable called me a "faggot" multiple times and stated, "I hate that fucking faggot," in reference to me.  They stated that they had reported the comments to Respondents, but nothing had been done about it.  Jackson stated

---

[1] All references herein to a person's sexual orientation are to the best of my knowledge.

that he had been interviewed at Respondents' corporate office about the comments. They told me that they would sign a document stating what they heard Nufable call me and say about me.

[9]	On January 15, 2023, in a text message to Santini, I complained of sexual orientation discrimination. I stated the following: "I've been sitting on this thought for a while and man to man I don't know how to professionally address it. About a month ago, Kyle called me a Faggot to my face. I wasn't sure if I heard him correctly so I asked him to repeat. He ignored me and walked away. Last week Josh, Matt, and Andrea met up with me because they wanted me to know that he's been calling me a faggot for quite some time, and the other day he turned to them and said 'I hate that fucking faggot.' They also said they reported it to you, and they told me they want to write and sign reports against him. I would be skeptical of what they were saying, but Andrea is Kareem's brother so I doubt he would lie and put his job and reputation on the line. The thing is, calling me a faggot is one thing, but saying 'I hate that fucking faggot' is another. I've been uncomfortable there for weeks and that's why I considered another restaurant. I have an email prepared for the directors but I wanted to go directly to you first, you're the GM. Just to be clear, I couldn't care less if someone dislikes me or hates me, but to use words like hate and faggot are just too much. The entire staff knows about this situation and we're all uncomfortable. I'm working tomorrow if you want to talk about it. I'm not sending an email until you have an opportunity to handle this."

[10]	On January 15, 2023, in a response text message from Santini, he stated: "I'm so sorry this happened and by no means is it ok. It was brought to my attention that he has used the word before but nothing was said to me in detail or we would have been having this conversation a lot sooner. I most certainly want to talk to you about this tomorrow and then I want to handle it whatever way you want. If you feel uncomfortable at work that's not ok. If you

want to continue to work here than you have my full support and I will talk to Michael and find out what happens next."

[11]    On January 15, 2023, in a response text message to Santini, I stated that I did not want to leave my employment at Respondents and that I was sure that the situation could be worked out.

[12]    On January 16, 2023, in a meeting with Santini, he told me he had to make Human Resources aware of the comments that were made to me. He asked me how I wanted to handle the situation. I stated that I wanted to have a meeting with Nufable and Respondents to counsel him about hateful language and bigotry. I stated that I wanted to see if the situation could be worked out with sensitivity training, and was hoping to be able to resolve the issues professionally and positively.

[13]    On or about January 19, 2023, in a phone call with Paige Kirlin (female, heterosexual), I complained of sexual orientation discrimination in connection with the above comments that were made to me and about me. She told me that she would be in touch.

[14]    On January 23, 2023, in a text message from Kirlin, she asked me whether anyone else heard Nufable call me a "faggot."

[15]    On January 23, 2023, in a response text message to Kirlin, I told her that I did not know if anyone else heard it when he said it to me, but someone else in the kitchen easily could have heard Nufable call me a "faggot."

[16]    On January 26, 2023, Santini posted the shift schedule for the next month. In looking at the schedule, I noticed that my hours were substantially reduced and almost cut in half, from full time to part time, which would result in my compensation being reduced.

[17]     On January 26, 2023, following the above, in a text message to Santini, Amy Norris (female, heterosexual), Manager, and Doug Fitz (male, heterosexual), Restaurant Manager, I asked why my hours had been reduced in the posted scheduled.

[18]     I received no explanation, including the criteria, as to why my hours were reduced.

[19]     On January 27, 2023, in a meeting with Santini, I asked him why my hours had been reduced in the posted schedule.  He stated that he had misinterpreted my availability.  I had not provided any information to Santini that changed my availability for shifts or to make him think that my work availability was different for the coming month.

[20]     Respondents reduced my hours because of my sex, my sexual orientation, and/or my sexual orientation discrimination complaints.

[21]     On January 27, 2023, in a text message to Kirlin, I asked her for an update regarding my complaints.

[22]     On January 27, 2023, in a response text message from Kirlin, she stated that she would have an update for me next week.

[23]     On January 27, 2023, following the above, in a text message to Kirlin, I stated that, "after over a year of consistent scheduling my shifts were reduced at work and I'm a hard worker, so that's also very concerning for me."

[24]     On January 27, 2023, in a response text message from Kirlin, she stated: "Yes im still working on things. Which means I don't have an answer for you and neither does your GM. As I discussed, I would contact you when I had an update[.] Hence there was a reason for the silence[.]"

[25]    Respondents failed to take any action to remedy or prevent the sexual orientation discrimination to which I was subjected.

[26]    Respondents failed to investigate my complaints of sexual orientation discrimination and retaliation.

[27]    Nufable remains employed with Respondents.

[28]    On January 27, 2023, in an email to Wirzberger, Jreidini, and Schulson, I resigned from Respondents, effective immediately. I stated the following:

> Today I decided to terminate my employment with Schulson Collective at Via Locusta.
>
> I've made this decision based on compiling negativity that I'm consistently exposed to.
>
> Roughly two weeks ago I reported to management and HR that a salaried employee and my superior had called me a Faggot to my face, as well as using words like "I hate that fucking faggot" while referencing me to other employees. These words obviously made me embarrassed and uncomfortable, but I made it clear to my managers and HR that I wanted to approach the situation in such a way that teaches this individual sensitivity an understanding towards others as well as what hate speech is etc and not something more drastic like terminating his employment without any counseling first.
>
> An HR employee named Paige has been working on this case, and she reached out to me on Monday 1/23/2023 via text message asking for clarification on a subject. The conversation was polite. Today 1/27/2023 I reach out to Paige just to touch base on the progress of things - I can't stress enough just how uncomfortable I am at work, and I was reaching out to HR for information as well as confidence in the process, after-all I was called a faggot by my superior and it makes me uneasy to be in the same environment with him without some kind of conversation to address the issue, so my goal in contacting HR today was just to gain a perspective of the process and find some comfort in it, however Paige responded with aggression and condescension, and the negativity that came from her makes it clear to me that negativity is more commonplace within the company culture than I expected.
>
> I'm 38 years old. I first started working when I was 12, and my first restaurant job was at 14 when I was a busboy. In my late twenties I joined

management and I worked hard to progress through management ranks pre-pandemic. Post pandemic I decided to rejoin the hourly ranks, and I stared working with Schulson in September 2021, and I chose this company because I was first a patron and held the company to a high regard. I felt so strongly about the company that I referred one of my best and closest friends to work as a manger [sic] for you, and so he does. I even once applied for a management role because I believed in the food and the brand, and I wanted to be apart of its operation and success. However my recent experiences have influenced me to get out of and stay away from this company.

[29]    I received no response to my above email.

[30]    Respondents made no effort to retain me as an employee.

[31]    I resigned from Respondents because of the hostile work environment to which I was subjected because of my sex and/or sexual orientation and/or complaints of sexual orientation discrimination and Respondents' failure to remedy or prevent the sex and/or sexual orientation discrimination at Respondents.

[32]    Respondents failed to remedy to prevent the sex and/or sexual orientation discrimination and retaliation to which I was subjected.

[33]    Respondents subjected me to a hostile work environment because of my sex and/or sexual orientation and/or complaints of sexual orientation discrimination.

[34]    Respondents replaced me with heterosexual and/or noncomplaining employees. I was more qualified for my position than the heterosexual and/or noncomplaining employees with whom Respondents replaced me.

[35]    Respondents' comments and conduct evidence a bias against homosexual employees and/or employees who engage in protected activity.

[36]    Respondents' sex and sexual orientation discriminatory and retaliatory comments and conduct toward me has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (male) and my sexual orientation (homosexual/gay), and retaliated against because of my complaints of sexual orientation discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**    **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101,** *et seq.* **("PFPO"), Section   9-1103  .**

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3/6/23
_____
(Date Signed)

_____
(Signature)    Ryan Travis
                REDACTED
                Haddonfield, NJ 08033

# EXHIBIT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**    Ryan Travis
REDACTED
Haddonfield, NJ 08033

**Re:**    Ryan Travis v. SCHULSON COLLECTIVE, LLC
EEOC Charge Number:  17G-2023-00016

EEOC Representative and email:    State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination:  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  10/26/2023
Karen McDonough
Deputy District Director

cc:    For Respondent

George Karousatos
Biancamano & Di Stefano, P.C.
10 Parsonage Road, Suite 300
Edison, NJ 08837

For Charging Party

Emily R Derstine Friesen, Esq.
Console Mattiacci Law
1525 Locust Street, 9th  Floor
Philadelphia, PA 19102

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.